**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

BETH WILEY and KEVIN WILEY, Co-Trustees for the Next-of Kin of Marquisha Wiley, decedent, CHASSITY ASHFORD, SHERRON ASHFORD, WAYNE GERMOND, NICHOLAS GUERRERO, DANIELLE HERNANDEZ, CHARISMA KYLES, JORDAN LARSON, KEESHARA PERRY, PARIS POLLARD, LATOSHA SKINNER, ESTAN TYLER, ANDREA WEATHERSBY, ERNEST WHITMORE, KEVAUGHN WILEY,

Plaintiffs,

v.

FLEET FARM LLC, FLEET FARM GROUP LLC, FLEET FARM WHOLESALE SUPPLY CO. LLC, TRUCK YARD – SP LLC,

Defendants.

Case No. 24-cv-4135 (LMP/JFD)

**PRETRIAL SCHEDULING ORDER**

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. This order may be modified only upon a showing of good cause as required by Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3.

The Fed. R. Civ. P. 26(f) report in this case described a dispute between the parties over whether expert discovery in this case should be bifurcated. Plaintiffs argued that for

reasons of efficiency and sparing the victims of the Truck Yard mass shooting from re-traumatization, a first round of expert discovery should be taken solely on issues of liability and then dispositive motions on liability should be argued and decided. Then, if appropriate, expert discovery on damages could proceed, followed by dispositive motions on damages, followed by trial.

Defendants, also for reasons of efficiency, argued in favor of the common practice in this district (and in the Practice Pointers of the assigned district judge, the Honorable Laura Provinzino) that no dispositive motions practice should be undertaken until all discovery is completed. To this, Plaintiffs replied that Judge Provinzino's Practice Pointers merely did not allow dispositive motions practice *on a particular issue* until all expert discovery on that particular issue had been concluded.

For the following reasons, the Court agrees with Defendants, and will not order bifurcated expert discovery in this case:

- Bifurcation of discovery is exceptional, and a party arguing for bifurcation bears a "heavy burden" of showing that bifurcation is appropriate in a particular case. *Fair Isaac Corp. v. Fed. Ins. Co.,* 650 F. Supp. 3d 731, 735-38 (D. Minn. 2023).

- To attempt to meet their heavy burden, Plaintiffs point to potential cost savings for both parties and, during the Rule 16 conference, argued strenuously that non-bifurcated discovery, because it would require each surviving plaintiff to undergo up to three Rule 35 medical examinations, would re-traumatize the surviving plaintiffs.

- The Court disagrees. The Court finds it doubtful that there will be cost savings from bifurcated discovery and notes that those monetary cost savings will be realized only if this case ends with a dispositive order finding against liability. At this early stage, it is impossible to predict with any security the outcome of a dispositive motion on liability. In any event, bifurcating discovery would extend

this litigation by more than a year. (Under Plaintiffs' 26(f) proposal, all discovery ends on November 10, 2028, while under Defendants' 26(f) proposal all discovery ends on October 22, 2027.) Such a delay undercuts monetary savings of any magnitude that one can reasonably expect from bifurcated discovery.

- Not only is Plaintiffs' proposal inefficient, but it does not serve the laudable goal of sparing plaintiffs any additional trauma. In the Court's pre-judicial career as a criminal prosecutor, it observed that the most effective way of easing the psychological pain of a violent crime victim was bringing court proceedings to an end. Because Defendants' proposal brings this litigation to a close a year before Plaintiff's proposal, the Court finds Defendants' proposal better for the individual surviving plaintiffs.

- For all these reasons, the Court adopts Defendants' schedule for expert discovery.

**<u>FACT DISCOVERY: DEADLINES AND LIMITATIONS</u>**

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **November 7, 2025.** If the parties plan to disclose documents by a description by category and location of documents, they will exchange copies of initial disclosure documents on or before **December 12, 2025**.

2. Fact discovery shall be <u>commenced in time to be completed on or before</u> **April 23, 2027**.

3. Fleet Farm and Truck Yard may each serve **30** interrogatories on Plaintiffs collectively, and an additional **5** interrogatories on each of the Plaintiffs. Plaintiffs may collectively serve **35** interrogatories on Fleet Farm and **35** interrogatories on Truck Yard.

4. Fleet Farm and Truck Yard may each serve **35** document requests on Plaintiffs collectively, and an additional **5** documents requests on each of the Plaintiffs. Plaintiffs may collectively serve **40** document requests on Fleet Farm and **40** document requests on Truck Yard.

   The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). Documents or electronically stored information responsive to documents requests may be produced within a reasonable time after responding to the document requests.

5. Fleet Farm and Truck Yard may each serve **30** requests for admission on Plaintiffs collectively, and an additional **5** requests for admission on each of the Plaintiffs. Plaintiffs may collectively serve **30** requests for admission on Fleet Farm and **30** requests for admission on Truck Yard, with the exception of requests for admission directed solely at document authentication.

   The parties have discussed a protocol for the authentication of documents and agree on the following: If genuine issues regarding authenticity of documents arise, the parties agree to revisit the number of requests for admissions to be allowed, will work together in good faith to resolve issues relating to the authenticity of documents, and will bring the issues to the Court's attention if necessary.

6. **Defendants' Depositions**: Fleet Farm and Truck Yard may take the fact deposition of each Plaintiff in this case. Fleet Farm and Truck Yard may each also take the fact deposition of **up to 10** non-party witnesses. These totals do not include expert depositions. The parties agree that depositions of the Plaintiffs shall be noticed by Fleet Farm and Truck Yard jointly. Each Plaintiff will give no more than one deposition.

   **Plaintiffs' Depositions**: The parties agree that Plaintiffs may take Rule 30(b)(6) depositions of Fleet Farm and Truck Yard, and may also take the fact deposition of **up to 10** additional persons, and that these totals do not include expert depositions. The parties also agree that an organizational-designee deposition shall count as 1 deposition, irrespective of the number of witnesses designated, unless that designee-witness is also being deposed in his or her individual capacity.

7. The parties agree that any notice or subpoena for a Rule 30(b)(6) deposition shall be served at least 45 days before the scheduled deposition date. Objections to Rule 30(b)(6) notices or subpoenas shall be served at least 21 days before the scheduled deposition dates.

8. Fleet Farm and Truck Yard may take **up to three** Rule 35 physical and mental examinations of each Plaintiff, which will be completed by **April 9, 2027**.

9. Discovery of Electronically Stored Information.

   The parties have discussed issues about preservation and disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced. The parties will inform the Court of any issues that arise related to electronic discovery.

10. If the parties use the form protective order on the Court's website as a template for their own protective order, they should submit both the agreed-on protective

order and a redline showing deviations from the Court's form order. (If the only change to the Court's form order is a change of caption and the insertion of the case name and file number as appropriate in the body of the protective order, then no redline need be submitted.)

**<u>EXPERT DISCOVERY: DEADLINES AND LIMITATIONS</u>**

1. Each **party** may call up to **5** initial expert witnesses. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

   a. Initial experts.

      i. The identity of any witness a party may use at trial to present evidence pursuant to Federal Rule of Evidence 702, 703, or 705 must be disclosed on or before **May 28, 2027**.

      ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **May 28, 2027**.

   b. Rebuttal experts.

      i. The identity of any witness who may testify solely to contradict or rebut evidence on the same subject matter identified by another party under Federal Rule of Civil Procedure 26(a)(2)(B) or (C) must be disclosed on or before **July 16, 2027**.

      ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **July 16, 2027**.

   c. Surrebuttal Experts.

      i. Any surrebuttal expert reports shall be limited in scope to responding to issues addressed in rebuttal expert reports. The identity of any experts who may testify in sur-rebuttal to any rebuttal expert's written report must be disclosed, in accordance with Fed. R. Civ. P. 26(a)(2)(A), on or before August 13, 2027, and their written report completed and served in accordance with Fed. R. Civ. P. 26(a)(2)(B) on or before **August 13, 2027.**

2. Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by **October 22, 2027**.

## DEADLINES FOR FILING MOTIONS

1. All motions which seek to amend the pleadings or to add parties must be filed and served on or before **April 3, 2026**.

2. Non-dispositive motions and supporting documents which relate to fact discovery or related matters shall be filed and served on or before **May 7, 2027**.

3. Non-dispositive motions and supporting documents which relate to expert discovery (excluding all Daubert expert motions), shall be filed and served on or before **November 5, 2027.**

## NON-DISPOSITIVE MOTIONS: GUIDELINES

When possible, the parties should bring discovery disputes to the Court using the Court's process for informal dispute resolution (IDR). One or both parties can contact the Court via phone or email to set a prompt (usually within 2-3 business days) telephone conference to discuss the issues. Two days before the hearing, the parties shall email (not file) the Court either a joint letter setting forth their respective positions or separate letters. If the parties submit separate letters, they must serve a copy on the opposing side unless they have received prior permission from the Court to submit the letters ex parte. Letters should be concise and focus on narrowing the issue in dispute as much as possible. Both sides must agree to use the informal process to resolve discovery disputes. If either side objects to using this process, a formal motion must be filed.

If formal non-dispositive motions are filed, they must comply with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, and be in the form prescribed by Local Rule 37.2. **Judge Docherty prefers not to receive courtesy copies, unless the motions contain or refer to documents that are not filed on ECF, in which case those documents should be emailed to**

**Docherty_chambers@mnd.uscourts.gov.** All non-dispositive motions shall be scheduled for hearing by emailing the Courtroom Deputy to Magistrate Judge Docherty, at Docherty_chambers@mnd.uscourts.gov, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

A "meet and confer" requirement applies to IDR and formal motion practice. Parties must attempt to confer through personal contact rather than solely through written correspondence or email. Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow the disagreement.

**DISPOSITIVE MOTIONS: GUIDELINES AND DEADLINES**

All dispositive motions must be filed and served by the moving party on or before **December 22, 2027.** The parties must comply with Local Rule 7.1 and the Electronic Case Filing Procedures Guide.

Judge Provinzino does not require paper copies of any filings unless specifically requested.

**TRIAL**

This case shall be ready for a **jury** trial on **April 24, 2028.** The anticipated length of trial is **10-12** days.

Date: October 21, 2025

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge